IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN M. CASEY,
    Plaintiff,

vs.                                Case No. 3:13cv92/RV/CJK

MICHAEL D. CREWS,
    Defendant.

_____

# ORDER and
# REPORT AND RECOMMENDATION

    This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this action, plaintiff's motion to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

    Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Century Correctional Institution ("Century CI"). (Doc. 1). Plaintiff's complaint names one defendant: Michael D. Crews, Secretary of the DOC. (Doc. 1, pp. 1, 3). Plaintiff claims unnamed prison officials at Century CI are violating his First Amendment rights by destroying his administrative appeals of disciplinary convictions, and violating his Eighth and Fourteenth Amendment rights

by denying his requests for protective custody. (*Id.*, pp. 5-7). As relief, plaintiff seeks "to speak to an investigator from the Inspector Generals Office" and to be placed in protective custody. (*Id.*, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff signed his complaint on February 7, 2013. (Doc. 1, p. 6). On page two of the civil rights complaint form, Section III(B), Previous Lawsuits, is the following question: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" (Doc. 1, p. 2). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. (Doc. 1, p. 2, Question III(C)). Plaintiff disclosed one case, a civil rights case he filed in the United States District Court for the Middle District of Florida ("Middle District"): *Casey v. Tucker*, Case Number 2:12cv651. On the same page of the civil rights complaint form, Question III(D), is the following question: Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case". (Doc. 1, pp. 2-3). Plaintiff disclosed no cases and left the area blank.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**" (*Id.*, p. 7). Thus, plaintiff has in effect stated that at the time he filed his complaint, he had initiated no other lawsuits in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.

As a matter of course, the Court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[1], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the Court to consider whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his complaint in this case, plaintiff had initiated several other lawsuits in federal court that required disclosure:

---

[1]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is well aware of this provision, as he has been deemed a three-striker, and has had several cases dismissed under 28 U.S.C. § 1915(g). (*See* Doc. 3, p. 1 n.1; *see also* Middle District Case Numbers 2:12cv453, 2:12cv12).

- *Casey v. Ellegood*, Middle District Case Number 2:11cv587, a civil rights lawsuit plaintiff filed in federal court while plaintiff was incarcerated at the Lee County Jail. The case was dismissed on November 8, 2011, for failure to state a claim upon which relief can be granted.

- *Casey v. Hall*, Middle District Case Number 2:11cv588, a civil rights lawsuit plaintiff filed in federal court while plaintiff was incarcerated at the Lee County Jail. The case was dismissed on November 18, 2011, for failure to state a claim upon which relief can be granted.

- *Casey v. Scott*, Middle District Case Number 2:11cv586, a civil rights lawsuit plaintiff filed in federal court while plaintiff was incarcerated at the Lee County Jail. The case was dismissed on December 19, 2011, for failure to state a claim upon which relief can be granted;

- *Casey v. Scott*, Middle District Case Number 2:11cv605, a civil rights lawsuit plaintiff filed in federal court while plaintiff was incarcerated at the Lee County Jail. The case was dismissed on December 19, 2011, for failure to state a claim upon which relief can be granted;

- *Casey v. Scott*, Middle District Case Number 2:11cv580, a civil rights lawsuit plaintiff filed in federal court while plaintiff was incarcerated at the Lee County Jail. The case was dismissed on October 25, 2011, as malicious and for failure to state a claim.

The foregoing are just a few of the cases plaintiff failed to disclose. All of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear either his Florida Department of Corrections' inmate number, #139647, or his Lee County Jail inmate number, #101274.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the

statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form by not disclosing his litigation history. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow plaintiff's false response to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

2. As funds become available in plaintiff's inmate account, plaintiff is required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into his account) <u>in each case he has filed in this court.</u>[2] The agency having custody of plaintiff shall forward to the clerk of court payments from plaintiff's account on a monthly basis each time the amount in the account exceeds $10.00. These payments shall continue <u>until the filing fee of $350.00 is paid in full in each case</u>. Personal checks directly from prisoners will not be accepted.

The following information shall either be included on the face of the check or money order or attached thereto:

---

[2]Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

    (1)    the full name of the prisoner;
    (2)    the prisoner's inmate number; and
    (3)    Northern District of Florida Case Number: 3:13cv92/RV/CJK.

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

3. The Clerk of Court shall MAIL a copy of this order with the appropriate cover letter to: Florida Department of Corrections, 501 S. Calhoun St. Tallahassee, FL 32399-2500, ATTN: Agency Clerk.

4. Plaintiff is warned that he is ultimately responsible for payment of the filing fee in every case he has filed should the agency with custody over him lapse in its duty to make payments on his behalf. If plaintiff is transferred to another jail or correctional institution, he must ensure that the new institution is informed about his federal litigation and the required monthly payments. Plaintiff should retain a copy of this order for that purpose.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 27th day of February, 2013.

                      /s/ *Charles J. Kahn, Jr.*
                      **CHARLES J. KAHN, JR.**
                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).